# UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition For Warrant or Summons For
## Person Under Supervision

**Name of Person Under Supervision:**   Marcell Gross          **Docket Number:**   0972 2:25CR00196-001

**Name of Judicial Officer**:          United States District Judge Daniel J. Calabretta

**Date of Original Sentence:**          4/17/2024

**Original Offense:** 18 U.S.C. § 922(g)(1) - Felon in Possession of a Firearm and Ammunition  (CLASS C FELONY)

**Original Sentence:** 20 months custody of the Bureau of Prisons; 36-month Term of Supervised Release; $100 Special Assessment; Mandatory Drug Testing; DNA Collection.

**Special Conditions:**

1. Employment
2. Outpatient Mental Health Treatment
3. Search Condition (Enhanced)
4. Drug/Alcohol Testing and Treatment
5. Abstain from Alcohol

**Type of Supervision:**     TSR

**Date Supervision Commenced:**     4/18/2025

**Other Court Actions:**

**08/18/2025**:     Transfer of jurisdiction from the Northern District of California to the Eastern District of California.

PROB 12C
(Rev. 06/21)

RE: **Marcell Gross**                    **Docket Number:** 0972 2:25CR00196-001

---

### PETITIONING THE COURT

☒   **TO ISSUE A NO BAIL WARRANT. THIS PETITION IS TO BE SEALED UNTIL FURTHER ORDER OF THE COURT.**

The probation officer alleges the Person Under Supervision has violated the following condition(s) of supervision:

**Charge Number**        **Nature of Violation**

**Charge 1:**        **UNLAWFUL USE OF A CONTROLLED SUBSTANCE**

On July 24, 2025, Mr. Gross tested presumptively positive for marijuana (THC), and he admitted recent and ongoing marijuana use. This is in violation the Mandatory Condition which states, in part, "*You must refrain from any unlawful use of a controlled substance.*"

**Charge 2:**        **UNAUTHORIZED TRAVEL**

On August 13, 2025, during an attempted and unsuccessful unannounced home contact with Mr. Gross, I spoke by telephone with his wife, Tiana Gross. Mrs. Gross alleged Mr. Gross physically assaulted her on or about August 9, 2025, at their residence. Mr. Gross left the residence on that date to stay at a family member's residence in San Francisco. Mr. Gross has neither communicated with me as to his current whereabouts nor received permission to travel to the Northern District of California. Attempts to communicate with Mr. Gross on August 13, 2025, were unsuccessful. This is in violation Standard Condition Number3, which states, "*You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.*"

**Justification:** Following his release from custody, on May 5, 2025, I met in person with Mr. Gross to review the terms of his supervised release and the expectations of supervision. Mr. Gross was advised he would be referred for an outpatient co-occurring assessment, individual co-occurring counseling services, and psychotropic medication monitoring, Mr. Gross was advised to re-enroll in MediCal to cover psychotropic medication cost. During this meeting, Mr. Gross tested negative for illicit substances and advised he was prescribed Suboxone while incarcerated. I again encouraged Mr. Gross to re-enroll in MediCal coverage to continue his medications.

Mr. Gross was subsequently referred for outpatient co-occurring counseling services and full assessment. Due to a change in cell phone numbers, which Mr. Gross failed to advise me in a timely manner, the assigned contracted counselor was unable to reach Mr. Gross in July 2025 to schedule an intake appointment.

PROB 12C
(Rev. 06/21)

RE: **Marcell  Gross**                                          **Docket Number:** 0972 2:25CR00196-001

On July 16, 2025, I received Mr. Gross' new cell number from his wife, Tiana Gross, and spoke with Mr. Gross to remind him it is his obligation to keep me apprised of any changes in his status, including a change in cell phone numbers.

On July 24, 2025, during an unannounced home contact with Mr. Gross, he tested presumptively positive for marijuana, he admitted ongoing marijuana use, and I learned that he had not re-applied for MediCal coverage but was suffering from mental health issues. Following this home contact, I communicated with the assigned co-occurring counselors, as two were assigned to assist with the assessment and counseling.  I advised the counselors of Mr. Gross' marijuana use and that he reported suffering from mental health related issues such as anger management, without psychotropic medication.

On August 11, 2025, I received a law enforcement notification regarding Mr. Gross from the Sacramento Police Department.  On August 13, 2025, I spoke by phone with Sacramento Police Officer Vierra, who advised she was investigating Mrs. Gross' August 11, 2025, 9-1-1 call regarding an alleged assault by Mr. Gross on or about August 9, 2025.

On August 13, 2025, during an attempted unannounced home contact with Mr. Gross, I spoke by phone with Tiana Gross.  Mrs. Gross confirmed she called 9-1-1 following an alleged assault by Mr. Gross who previously shoved her to the floor and poked at her eye during a recent verbal confrontation.  Mrs. Gross noted that Mr. Gross is not prescribed psychotropic medication, he appeared to be having emotional control issues while unmedicated, and he reportedly was having a difficult time following through with re-applying for MediCal coverage.  I advised Mrs. Gross a referral was made to our contracted outpatient mental health providers, but between a change in his primary cell number and him not responding to their recent voice mail messages, we were continuing our efforts to provide him with needed assistance.

When asked about his current whereabouts, Mrs. Gross advised Mr. Gross left her residence on or about August 9, 2025, and went to stay with a family member in San Francisco.  I attempted to reach Mr. Gross by phone following my conversation with Mrs. Gross but it went to voice mail.  As of the writing of this violation petition, voice mail messages left for Mr. Gross by me and his outpatient counselors have gone unreturned, and Mr. Gross' whereabouts are currently unknown to U.S. Probation.

**Detention:**  Given Mr. Gross' history of illicit substance abuse, the allegations contained in this violation petition, and his criminal history, I believe he presents both a danger to the community and a flight risk.  As such, I respectfully request a warrant be issued and he remain detained throughout the violation proceedings.

RE: **Marcell Gross**                                    **Docket Number:** 0972 2:25CR00196-001

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:**        **August 18, 2025**
                        **Sacramento, California**

Respectfully submitted,

*Shannon L. Morehouse*

                                              **for**
_____
**Steven J. Sheehan**
**Sr. United States Probation Officer**
Telephone: 916-930-4353

**DATED:**    8/18/2025

Reviewed by,

*Shannon L. Morehouse*

_____
**Shannon L. Morehouse**
**Supervising United States Probation Officer**

PROB 12C
(Rev. 06/21)

RE: **Marcell  Gross**                           **Docket Number:** 0972 2:25CR00196-001

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒  The issuance of a no bail warrant. This Petition is sealed until further order of the court.

☐  The issuance of a summons.

☐  Other:

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐  Defendant is ordered detained, to be brought before District Judge forthwith.

☒  Initial appearance and detention hearing before Magistrate Judge.

| DATED:  August 18, 2025 | /s/ Daniel J. Calabretta |
|---|---|
| | **THE HONORABLE DANIEL J. CALABRETTA** **UNITED STATES DISTRICT JUDGE** |

CC:

United States Probation

United States Marshal Service

PROB 12C
(Rev. 06/21)

RE: **Marcell  Gross**                                   **Docket Number:** 0972 2:25CR00196-001

# STATEMENT OF EVIDENCE OF ALLEGED
# SUPERVISED RELEASE VIOLATIONS

Honorable Daniel J. Calabretta
United States District Judge
Sacramento, California

RE:     Gross, Marcell
**Docket Number:** 0972 2;25CR0196

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Person Under Supervision.

**Charge 1:**          <u>**UNLAWFUL USE OF A CONTROLLED SUBSTANCE**</u>
    **a.  Evidence:**

        i.  None.

    **b.  Witnesses:**

        i.  Senior United States Probation Officer Steven J. Sheehan will testify as to the July 24, 2025, presumptive positive marijuana test and Mr. Gross' verbal admission of ongoing marijuana use.

**Charge 2:**          <u>**UNAUTHORIZED TRAVEL**</u>
    **a.  Evidence:**

        i.  None.

    **b.  Witnesses:**

        i.  Senior United States Probation Officer Steven J. Sheehan will testify as to the August 13, 2025, conversation with Mrs. Tiana Gross, who advised Mr. Gross had traveled to San Francisco on or about August 9, 2025, to reside with a family member.

RE: **Marcell Gross**                    **Docket Number:** 0972 2:25CR00196-001

Respectfully submitted,

*[signature]*

                                         **for**

**Steven J. Sheehan**
**Sr. United States Probation Officer**
Telephone: 916-930-4353

**DATED:**    8/18/2025
              Sacramento, California

Reviewed by,

*[signature]*

**Shannon L. Morehouse**
**Supervising United States Probation Officer**

RE: **Marcell  Gross**                                    **Docket Number:** 0972 2:25CR00196-001

# REVOCATION GUIDE – SUPERVISED RELEASE

**Name of Person**
**Under Supervision:**     Marcell Gross               **Docket Number:**     0972 2;25CR0196

**Date of Original Offense:**     12/20/2021

**Original term of supervised release imposed:** 3 **years**

**Highest grade of violation alleged:** C

**Criminal History Category of person under supervision:** III

**Original guideline range: 24 to 30 months.**

**Chapter 7 range of imprisonment: 5 to 11 months.**

**Maximum term on revocation - 18 U.S.C. § 3583(e)(3):**

☒        **Class C and/or D felony - 2 years**

**Violation requires mandatory revocation:  YES:** ☐   **NO:** ☒

**Original offense committed on or after 04/30/2003**:  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges. Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 U.S.C. § 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:**  Title 18 U.S.C. § 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:**  Title 18 U.S.C. § 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.

PROB 12C
                                                                                          (Rev. 06/21)